```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GRIFFEN SECURITY, LLC,                           :
                                                 :
                  Plaintiff,                     :    19 Civ. 3494 (VSB) (GWG)
                                                 :
       -against-                                      REPORT AND
                                                 :    RECOMMENDATION
CITADEL CAR ALARMS, LLC,                         :
                                                 :
                  Defendant.                     :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Griffen Security, LLC ("Griffen") brought this action alleging breach of a license agreement by defendant Citadel Car Alarms, LLC ("Citadel"), and four individuals. The individual defendants settled, Citadel defaulted, and Griffen now seeks a default judgment against Citadel under Federal Rule of Civil Procedure 55(b)(2).[1] For the reasons that follow, Griffen should be awarded a judgment for $42,670.32.

I. BACKGROUND

On April 19, 2019, Griffen filed a complaint alleging that the defendants wrongfully terminated their patent license agreement. See Complaint, filed April 19, 2019 (Docket # 1) ("Compl.") ¶ 1. Citadel was served with a summons and the complaint on April 25, 2019. See Affidavit of Service, filed May 8, 2019 (Docket # 23). Citadel failed to respond, and the Clerk issued a certificate of default. See Clerk's Certificate of Default, filed September 25, 2019 (Docket # 42). Following a show cause hearing, Griffen's application for a default judgment was granted, see Order, filed Nov. 19, 2019 (Docket # 54), and the case was referred to the

---

[1] See Statement of Damages, filed Feb. 20, 2020 (Docket # 61) ("Statement").

1

undersigned for an inquest on damages, see Amended Order Referring Case to Magistrate Judge, filed Jan. 2, 2020 (Docket # 59).  Pursuant to the Court's order, see Scheduling Order for Damages Inquest, filed Jan. 6, 2020 (Docket # 60), Griffen filed a statement setting forth its claim to damages, see Statement.  In that statement, Griffen seeks $119,369.78 in attorneys' fees and costs.  Id. at 11, 19.

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

In light of Citadel's default, Griffen's properly pleaded allegations in the complaint, except those related to damages, are accepted as true.  See, e.g., City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an 'ancient common law axiom' that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint.") (quoting Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004)); Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of [defendant's] default, a court is required to accept all . . . factual allegations as true and draw all reasonable inferences in [plaintiff's] favor.") (citation omitted).  "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted).  This inquiry requires the District Court to: (1) "determin[e] the proper rule for calculating damages on . . . a claim" and (2) "assess[] plaintiff's evidence supporting damages to be determined under this rule."  Id.

Federal Rule of Civil Procedure 55(b)(2) "allows but does not require the district judge to conduct a hearing" on the damages amount.  Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) ("[T]he court may conduct such hearings or order such references as it deems necessary

and proper.") (internal quotation marks and citation omitted).  In this case, the Court finds that a hearing is unnecessary inasmuch as Griffen's submissions have not been contested and they provide all the information needed to determine Griffen's damages.

    A.  <u>Liability of Defendants</u>

The only damages Griffen seeks for breach of the license agreement from Citadel is its attorneys' fees and costs.  <u>See</u> Statement at 19.  Griffen brought this case in federal court under the diversity statute, 28 U.S.C. § 1332.  <u>See</u> Compl. ¶¶ 8-12; <u>see also</u> Statement at 8.  State law governs the award of attorneys' fees in diversity cases.  <u>Grand Union Co. v. Cord Meyer Dev. Co.</u>, 761 F.2d 141, 147 (2d Cir. 1985) (citing <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 259 n. 31 (1975)); <u>accord</u> <u>Euro Pac. Capital Inc. v. Bohai Pharm. Grp., Inc.</u>, 2018 WL 1596192, at *7 (S.D.N.Y. Mar. 28, 2018).  "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear."  <u>Metro Found. Contractors, Inc. v. Arch Ins. Co.</u>, 551 F. App'x 607, 610 (2d Cir. 2014) (summary order) (quoting <u>NetJets Aviation, Inc. v. LHC Comms., LLC</u>, 537 F.3d 168, 175 (2d Cir. 2008)).

The parties entered into a license agreement that was effective on May 25, 2018.  Compl. ¶ 2; <u>see also</u> Patent License Agreement, filed April 19, 2019 (Docket # 1-1) ("Agreement").  The agreement provides that in the event of a dispute "[t]he Court shall award reasonable attorneys' fees and costs associated therewith to the prevailing Party(ies) to the extent determined by the Court to have prevailed."  Agreement at 6.  The term "prevailing Party" is not defined in the license agreement but in the context of statutory attorneys' fees, a plaintiff is a prevailing party if it obtains a default judgment.  <u>See, e.g.</u>, <u>MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC</u>, 2017 WL 1194372, at *1 (S.D.N.Y. Mar. 30, 2017) ("Plaintiff . . . is the

prevailing party by virtue of the Default Judgment entered in its favor.") (internal quotation marks omitted); accord Abafita v. Aldukhan, 2019 WL 6735148, at *9-10 (S.D.N.Y. Apr. 4, 2019) (citations omitted), adopted by 2019 WL 4409472 (S.D.N.Y. Sept. 16, 2019).  Thus, we conclude that Citadel is entitled to fees here.

### B. Calculation of Attorneys' Fees and Costs

Griffen seeks attorneys' fees in the amount of $115,112, and costs in the amount of $4,257.78.  Where attorneys' fees are provided for by a provision of a contract, such a provision is enforceable under New York law and courts "will order the losing party to pay whatever amounts have been expended . . . so long as those amounts are not unreasonable."  F.H. Krear & Co. v. Nineteen Named Trs., 810 F.2d 1250, 1263 (2d Cir. 1987); Ford Motor Credit Co. v. Miller, 990 F. Supp. 107, 112 (N.D.N.Y. 1998) (attorney's fees permitted under guaranty); accord Wells Fargo Bank, N.A. v. Bivona & Cohen, P.C., 2016 WL 2745847, at *5 (S.D.N.Y. May 11, 2016), adopted by 2016 WL 3098843 (S.D.N.Y. June 1, 2016).  As the Second Circuit noted in Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182 (2d Cir. 2008), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Id. at 186 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  The same principle has been applied to awards of contractual attorneys' fees.  See Wells Fargo Bank, N.A., 2016 WL 2745847, at *5 ("When awarding attorney's fees pursuant to the provisions of a contract, courts evaluate the reasonableness of the fee using the lodestar method.") (quoting and citing Sidley Holding Corp. v. Ruderman, 2010 WL 963416, at *1 (S.D.N.Y. Mar. 15, 2010)).

#### 1. Reasonable Hourly Rates

The rate to be set for Griffen's attorneys should be "what a reasonable, paying client

4

would be willing to pay." Arbor Hill, 522 F.3d at 184. Any such rate must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006) (alteration in original) (internal quotation marks omitted) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)). In addition, as was noted in Arbor Hill, a court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." 522 F.3d at 184 (emphasis added). In other words, we are not called upon to determine whether the attorneys on this case properly command the rates they seek. Rather, we are called upon to determine the "cheapest hourly rate an effective attorney would have charged." O.R. v. N.Y.C. Dep't of Educ., 340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018) (emphasis in original).

Because the fee applicant bears the burden of establishing the reasonableness of the hourly rates requested, the applicant must "produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community." Blum, 465 U.S. at 895 n.11; accord Ortiz v. City of N.Y., 2016 WL 4532983, at *3 (S.D.N.Y. July 15, 2016). The Court may also "rely on its own familiarity with prevailing rates in the District." Noble v. Crazetees.com, 2015 WL 5697780, at *9 (S.D.N.Y. Sept. 28, 2015) (citing A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ., 407 F.3d 65, 82 (2d Cir. 2005); and Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987)).

Here, fees are sought by (1) two partners, two associates, and a paralegal from Marbury Law Group, PLLC ("Marbury"), see Affidavit of Shauna M. Wertheim in Support of Plaintiff's Request for Attorneys' Fees and Expenses, filed Feb. 20, 2020 (Docket # 61-1) ("Wertheim Aff.") ¶¶ 17-19, 23-28; and (2) one partner from Hodgson Russ LLP ("Hodgson"), see Affidavit

5

of Jacqueline I. Meyer in Support of Plaintiff's Request for Attorneys' Fees and Expenses, filed Feb. 20, 2020 (Docket # 61-8) ("Meyer Aff.") ¶ 4. Marbury is based in Virginia and represents "parties in complex litigation including patent and corporate matters, in state and federal courts." Wertheim Aff. ¶ 17. The firm has twenty lawyers. Id. Hodgson is a firm with several offices, including one in New York City, and has "extensive experience representing parties in complex litigation before New York state and federal courts on a variety of matters, including . . . labor and employment, real estate, bankruptcy, and business transactions." Meyer Aff. ¶ 3.

Robert Hansen and Shauna Wertheim are co-managing partners of Marbury. Wertheim Aff. ¶¶ 18-19. Hansen has over 21 years of legal experience and is a registered patent attorney. Id. ¶ 18. His regular hourly rate for federal cases is $470 per hour. Id. Wertheim graduated in 1984 and has litigated for over 34 years with "an active brand protection practice." Id. ¶ 19. Her hourly rate for federal litigation is $425. Id. Jacqueline Meyer is a partner at Hodgson in the New York City office. Meyer Aff. ¶ 4. She has litigated in state and federal courts for over 35 years. Id. Her hourly rate at the time of this case was $540 per hour. Id. ¶ 7.

In light of their experience and roles as co-managing partners, and the fact that this was a patent case requiring specialized knowledge, we find the rates requested by Hansen and Wertheim reasonable and in line with the case law in this district awarding similar rates to partners with commensurate experience and expertise. See, e.g., Euro Pac. Capital Inc., 2018 WL 1596192, at *9 ($375 per hour awarded to partners with 30 to 40 years of experience in breach of contract action); Microban Prod. Co. v. Iskin Inc., 2016 WL 4411349, at *12 (S.D.N.Y. Feb. 23, 2016) (Chair of Intellectual Property Group with 25 year experience awarded rate of $650 per hour and other partners awarded up to $350 per hour), adopted by 2016 WL 4411414 (S.D.N.Y. Aug. 18, 2016); Benihana, Inc. v. Benihana of Tokyo, LLC, 2015 WL

13746660, at *3 (S.D.N.Y. Aug. 6, 2015) (awarding partner with 36 years of experience $625 per hour and partner with 19 years of experience $595 per hour in breach of license agreement action), adopted by 2016 WL 3647638 (S.D.N.Y. June 29, 2016); Rubenstein v. Advanced Equities, Inc., 2015 WL 585561, at *6-7 (S.D.N.Y. Feb. 10, 2015) (awarding partners $525 per hour in contract dispute). While Meyer is a partner at a larger firm, she has no more experience than Hansen and Wertheim, compare Meyer Aff. ¶ 4 (graduated law school in 1984) with Wertheim Aff. ¶ 19 (same), and merely served as local counsel, see Meyer Aff. ¶ 7. While we have no reason to doubt that she commands the requested rate in the marketplace, Arbor Hill requires us to consider whether there are "other effective attorneys who might have charged less." Durso v. Modern Food Ctr., Inc., 2018 WL 3019112, at *5 (S.D.N.Y. June 18, 2018). Accordingly, her rate should be adjusted to $470 to match Hansen's rate.

Two associates and a paralegal from Marbury also worked on this case. See Wertheim Aff. ¶¶ 26-28. Joanna Cohn graduated in 2010 and has been working at Marbury for over 10 years, primarily in litigation. Id. ¶ 26. Her work on this case focused on the preliminary injunction. Id. She seeks an hourly rate of $305. Id. Timothy Murphy has been practicing since 2009 and has been at Marbury for 5 years. Id. ¶ 27. He seeks an hourly rate of $275. Id. We find these rates reasonable and in line with other cases in this district. See, e.g., Euro Pac. Capital Inc., 2018 WL 1596192, at *9 ($250 per hour awarded to associates with 1 to 8 years of experience in breach of contract action); Benihana, Inc., 2015 WL 13746660, at *3 (awarding associate with 10 years of experience $325 per hour in breach of license agreement action); Rubenstein, 2015 WL 585561, at *7 (associates awarded a "blended" rate of $350 per hour in contract dispute).

Griffen seeks $130 per hour for a paralegal who has 23 years of experience. Wertheim

Aff. ¶ 28.  While there are cases awarding higher rates, there is ample case law awarding paralegals $75 per hour in this district.  See, e.g., O.R., 340 F. Supp. 3d at 368; Lujuan v. JPG LLC, 2018 WL 3353060, at *2 (S.D.N.Y. June 6, 2018) ("courts in this Circuit have generally found $75 to be reasonable" for a paralegal) (citation omitted); Sanchez v. Jyp Foods Inc., 2018 WL 4502008, at *15 (S.D.N.Y. Sept. 20, 2018) (awarding $75 to paralegal) (citation omitted); Escobar v. Fresno Gourmet Deli Corp., 2016 WL 7048714, at *4 (S.D.N.Y. Dec. 2, 2016) (same).  In light of the fact that no special expertise has been attributed to the paralegal and that the fees are sought in the context of a default judgment, the $75 rate is appropriate.

### 2. Reasonable Number of Hours Expended

Plaintiffs must also establish that the number of hours for which they seek compensation is reasonable.  Arbor Hill, 522 F.3d at 188.  In evaluating whether claimed hours are reasonable, a court considers "not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).  "Because attorney's fees are dependent on the unique facts of each case, the resolution of this issue is committed to the discretion of the district court."  Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992) (citing Hensley, 461 U.S. at 437).  In exercising this discretion, the district court should look "to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties."  Id. (internal quotation marks omitted) (quoting Di Filippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985)).  Additionally, it is well-established that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the

work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

In support of their application for attorneys' fees, Griffen's attorneys submitted copies of their invoices showing the date on which services were performed, the hours expended, and a description of the work done. See Marbury Invoices, filed Feb. 2, 2020 (Docket # 61-4); Hodgson Russ Invoices, filed Feb. 2, 2020 (Docket # 61-9). They have affirmed that the invoices are based on contemporaneous time entries and have also provided the contemporaneous time records. See Declaration of Garry C. Gutgesell in Support of Plaintiff's Request for Attorneys' Fees and Expenses, filed April 15, 2020 (Docket # 63); Declaration of Jacqueline I. Meyer in Support of Plaintiff's Request for Attorneys' Fees and Expenses, filed April 15, 2020 (Docket # 64). This meets the contemporaneous records requirement. See, e.g., Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160-61 (2d Cir. 1994); Hollander Glass Tex., Inc. v. Rosen-Paramount Glass Co., Inc., 291 F. Supp. 3d 554, 562-63 (S.D.N.Y. 2018).

When reviewing such records, a court's task is to make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" Angamarca v. Pita Grill 7 Inc., 2012 WL 3578781, at *12 (S.D.N.Y. Aug. 2, 2012) (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)). In addressing this question, courts should not, however, engage in "an ex post facto determination of whether attorney hours were necessary to the relief obtained." Grant, 973 F.2d at 99.

Additionally, if a court finds that claimed hours are "excessive, redundant, or otherwise

unnecessary," it should exclude those hours from its calculation of the presumptively reasonable fee.  Hensley, 461 U.S. at 434; accord Quaratino v. Tiffany & Co., 166 F.3d 422, 426 n.6 (2d Cir. 1999); Farmer v. Hyde Your Eyes Optical, Inc., 2015 WL 2250592, at *15 (S.D.N.Y. May 13, 2015).  However, as the Supreme Court noted in Hensley, "[t]here is no precise rule or formula for making these determinations."  461 U.S. at 436.  Because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application," Carey, 711 F.2d at 1146 (citations omitted), "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application,'" Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (quoting Carey, 711 F.2d at 1146).  Thus, a district court is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items."  Lunday, 42 F.3d at 134.

    Here, attorneys expended a total of 258.4 hours and a paralegal spent 24.4 hours on this case.  See Wertheim Aff. ¶¶ 24-28; Meyer Aff. ¶ 7; see also Statement at 11.  These hours reflect time spent drafting the complaint, Marbury Invoices at 12; preparing the motion for preliminary injunction, see, e.g., id. at 13-14; responding to filings and court orders, see, e.g., id. at 30, 40; and preparing the default judgment, see, e.g., id. at 44-45, 48, 51, among other tasks.  Griffen does not break down the hours sought by task.  And the bills plainly reflect that the hours sought include matters that could not have involved Citadel, which never had an attorney appear on its behalf and thus was in default throughout.  See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries, . . . that a corporation may appear in the federal courts only through licensed counsel."); De La Cruz Moreno v. Happy Angel Nail Spa Inc., 2019 WL 2438966, at *2 (S.D.N.Y. June 12, 2019) (corporation not represented by attorney is "deemed to be in default")

(citations omitted), adopted by 2019 WL 2717153 (S.D.N.Y. June 28, 2019).  Instead, Griffen's attorneys seek hours for all their work on this case, including the lengthy period during which they negotiated and settled with the individual defendants.  See, e.g., Marbury Invoices at 21-22, 26, 52-53, 57-59.  While we have no doubt that the individual defendants purported to act "on behalf of" Citadel, as Griffen notes, see Statement at 11; Wertheim Aff. ¶ 22, Citadel in fact was in default and no individuals could act on its behalf for purposes of this litigation.  Thus, the efforts to pursue the individuals cannot be attributable to the effort to obtain relief from Citadel.

> Courts routinely reduce or exclude attorneys' hours that were expended on matters related to non-defaulting defendants on the ground that defaulting defendants are not responsible for attorneys' fees related to other, non-defaulting defendants in the case and that, where attorneys seek fees that were billed for services related to both non-defaulting and defaulting defendants, such mixed fees should be reduced by a percentage.

Xochimitl v. Pita Grill of Hell's Kitchen, Inc., 2016 WL 4704917, at *21 (S.D.N.Y. Sept. 8, 2016) (collecting cases), adopted by 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016); see also Dixon v. Agbai, 2016 WL 3702749, at *18 (S.D.N.Y. July 8, 2016) (reducing reasonable number of hours in part because "a significant amount of time relates to the case against all defendants and not just to the litigation against [defaulting defendant].") (collecting cases), adopted by 2016 WL 5660246 (S.D.N.Y. Sept. 28, 2016).  Here, numerous time entries refer to settlement discussions, see, e.g., Marbury Invoices at 21-22, 26, 31, 52, or time spent preparing for and attending the settlement conference, Wertheim Aff. ¶ 24, see also, e.g., Marbury Invoices at 53, 57-59, which occurred after Judge Broderick entered default against Citadel.  Indeed, the vast majority of the time reflected in the invoices has nothing to do with obtaining a judgment against Citadel.  Moreover, the preparation for the filing of the complaint and preliminary injunction

involved tasks applicable to all defendants, not just Citadel. Accordingly, we will reduce the hours spent by 65% to reach a reasonable number of hours.

       3. <u>Presumptively Reasonable Fees and Costs</u>

The fees to be awarded are thus as follows:

|  | Hourly Rate | Hours Requested | Hours Awarded | Total |
|---|---|---|---|---|
| Robert Hansen | $470 | 91.2 | 31.9 | $14,993 |
| Shauna Wertheim | $425 | 126.6 | 44.3 | $18,827.50 |
| Jacqueline Meyer | $470 | 12.6 | 4.4 | $2,068 |
| Joanna Cohn | $305 | 26 | 9.1 | $2,775.50 |
| Timothy Murphy | $270 | 2 | .7 | $189 |
| Rose Harvey | $75 | 24.4 | 8.5 | $637.50 |
| Total: |  |  |  | $39,490.50 |

Griffen also seeks reimbursement of costs in the amount of $4,257.78. <u>See</u> Statement at 17-18. Those fees consist of FedEx charges, PACER charges, fees to be admitted pro hac vice, travel expenses, process server fees, filing fees, and fees to deliver courtesy copies to the Court. <u>See</u> <u>id.</u>; <u>see also</u> Wertheim Aff. at 9-10; Plaintiff's Exhibit A-4, filed Feb. 20, 2020 (Docket ## 61-5, 61-6, 61-7); Meyer Aff. ¶ 9; Plaintiff's Exhibit B-2, filed Feb. 20, 2020 (Docket # 61-10). We deduct the $1,077.96 incurred by Hansen in travel and other expenses to attend the settlement conference on December 16, 2019, <u>see</u> Wertheim Aff. at 10, because, as noted above, this conference occurred after a default judgment was entered against Citadel and Citadel could not legally appear at that conference. The other costs are reasonable. <u>See</u>, <u>e.g.</u>, <u>U.S.A. Famous</u>

Original Ray's Licensing Corp. v. Famous Ray's Pizza Buffet Inc., 2013 WL 5363777, at *8 (S.D.N.Y. Sept. 26, 2013) (awarding costs for filing fees, copies, research, travel, and services of process), adopted by 2013 WL 5664085 (S.D.N.Y. Oct. 17, 2013).

Griffen should be awarded $39,490.50 in attorneys' fees and $3,179.82 in costs, for a total of $42,670.32.

III. CONCLUSION

For the foregoing reasons, Griffen Security, LLC should be awarded a judgment against defendant Citadel Car Alarms, LLC, in the amount of $42,670.32.

Griffen Security, LLC is directed to mail a copy of this Report and Recommendation to Citadel Car Alarms, LLC at its last known address and to file proof of such mailing within 7 days.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d).  A party may respond to any objections within 14 days after being served.  Any objections and responses shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections or responses must be directed to Judge Broderick.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP

v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: June 17, 2020
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge